UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CAMPBELL,<br><br>    Plaintiff,<br><br>  v.<br><br>MILOUS JAMES IVORY,<br><br>    Defendant. | Case No. 25-cv-10569-JSC<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Defendant Milous James Ivory, proceeding without attorney representation, removed this unlawful detainer action to federal court. (Dkt. No. 1.) Mr. Ivory invokes federal subject matter jurisdiction under 28 U.S.C. §§ 1441, 1446. The Court ORDERS Mr. Ivory to show cause why this case should not be remanded to the San Francisco County Superior Court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law; "an actual or anticipated defense" does not confer federal jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy

itself that it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Mr. Ivory bases removal on federal question jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. Mr. Ivory's assertion the complaint "raises federal issues" because "the right to hold property is an area of federal oversight" under the Fifth and Fourteenth Amendments is unavailing because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (Dkt. No. 1 at 2.) *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also id.* at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]"). Furthermore, because the complaint indicates Mr. Ivory and Mr. Campbell are California citizens, there is no diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 1 at 7.)

So, the Court ORDERS Mr. Ivory to SHOW CAUSE as to why this action should not be remanded to state court. Mr. Ivory shall respond to this Order in writing by **January 12, 2026**. If Mr. Ivory fails to respond or his response fails to establish a basis for federal subject matter jurisdiction, the Court will remand the action to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: December 22, 2025

JACQUELINE SCOTT CORLEY
United States District Judge