UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP CAMPBELL,

    Plaintiff,

v.

MILOUS JAMES IVORY,

    Defendant.

Case No. 25-cv-10569-JSC

**ORDER REMANDING CASE**

Dkt. No. 7

Defendant, proceeding without attorney representation, removed this unlawful detainer action to federal court and invoked federal subject matter jurisdiction under 28 U.S.C. §§ 1441, 1446. (Dkt. No. 1.)[1] Defendant bases removal on federal question jurisdiction, but the removed complaint makes only a state-law claim for unlawful detainer. The Court therefore ordered Defendant to, by January 12, 2026, show cause as to why this action should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. No. 7.) Defendant has not responded.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law; "an actual or anticipated defense" does not confer federal jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  removal is proper" and the "removal statute is strictly construed against removal jurisdiction."
2  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).
3  Further, when a case is removed to federal court, the court has an independent obligation to satisfy
4  itself that it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,
5  1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "[i]f
6  at any time before final judgment it appears that the district court lacks subject matter
7  jurisdiction." 28 U.S.C. § 1447(c).

8      Defendant bases removal on federal question jurisdiction. However, the removed
9  complaint makes only a state-law claim for unlawful detainer. Defendant's assertion the
10 complaint "raises federal issues" because "the right to hold property is an area of federal
11 oversight" under the Fifth and Fourteenth Amendments is unavailing because "federal jurisdiction
12 exists only when a federal question is presented on the face of the plaintiff's properly pleaded
13 complaint." (Dkt. No. 1 at 2.) *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see
14 also id.* at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis
15 of a federal defense[.]"). Furthermore, because the complaint indicates both Plaintiff and
16 Defendant are California citizens, there is no diversity jurisdiction under 28 U.S.C. § 1332(a).
17 (Dkt. No. 1 at 7.)

18     The Court therefore REMANDS the case to the Superior Court of the State of California
19 for the County of San Francisco. The Court further orders that the Court file in this case be
20 transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of
21 this Order of Remand. The State Court may thereupon proceed with this case.

22     **IT IS SO ORDERED.**

23 Dated: January 13, 2026

JACQUELINE SCOTT CORLEY
United States District Judge